JUDGE HARDIN
delivered the opinion of the court:
The appellants, Alexander Plummer and James Barnes, were, together with Samuel Barnes, jointly indicted for the murder of Leonard Moss. On the motion of the appellants, who pleaded “ not guilty,” it was ordered that they be tried jointly, but separate and apart from said Samuel Barnes, and accordingly they were so tried.
The evidence, which was mainly circumstantial, tended strongly to show that the deceased came to his death by violence at the hands of the defendants, or some one or more of them, acting in pursuance of some design, in *77 •which each of them actively or constructively participated.
We do not refer to the evidence, however, for the purpose of expressing any opinion as to whether it was sufficient to authorize the finding of the jury or not; but do so only with a view to the application of the instructions as to which the ruling of the court is questioned by the appellants.
Five instructions appear to have been given at the instance of the Commonwealth — the third of which alone was objected to by the appellants. It is as follows:
“3d. If the jury believe, from all the evidence, that Leonard Moss was, in the county of Pendleton, prior to the 19th day of October, 1865, killed and murdered by the hand of some person other than either of the prisoners at the bar, and that the prisoners, or either of them, were there present, knowing of, and consenting to the murder, or with such knowledge and consent, at a convenient distance, assisting or ready to assist in the murder, or to aid in the escape of the perpetrators, then such prisoners or prisoner are or is equally guilty with the persons or person who actually committed the deed.”
Upon the hypothesis that the murder was committed by the hand of another person than either of the prisoners, this instruction substantially tells the jury to find the appellants guilty, if they further believe from the evidence either —1. That they were there present, knowing of, and consenting to the murder; or, 2. That they were, with such knowledge and consent, at a convenient distance, assisting or ready to assist in the murder, or to aid in the escape of the perpetrator.
We think the propriety of giving the instruction depends on whether the first of these propositions was calculated to mislead the jury or not. *78 “ To constitute principals in the second degree there must be, in the first place, a participation in the act committed ; and, in th'e second place, presence, either actual or constructive, at the time of its commission. (Wharton’s American Criminal Law, 4th edition, 120.)
Is it a participation in an act to merely be present and consent to its perpetration? Or, if the word consent, which has been defined to be an “ agreement of the mind to what is proposed or stated by another,” might be understood, as used in the instruction, to mean, in connection with other words used, a participation in the murder. Yet may not the jury have been so misled by its use as to attaph to the instruction a different signification from that which the court intended; and to have felt authorized by it to convict the prisoners, merely on being satisfied that they were present and acquiesced in the homicide, without aiding or abetting the perpetrator, or having any participation in the deed ? In our opinion, the instruction was liable to be so understood by the jury, and was therefore misleading and erroneous.
Among the instructions which the appellants asked the court to give to the jury, is the following:
2d. “If the jury believe from the evidence, that, on the night of the alleged murder of Leonard Moss, that the prisoners were informed that great public excitement and indignation existed against them as the suspected perpetrators of said murder, and that soldiers and other armed bodies of men had, in the night of said murder, proceeded to the respective residences of the said defendants, threatening to hang them, and exhibiting the rope which they asserted they had brought with them for this purpose, and that the' said defendants were, on their return home, informed of such excitement, and the threats of *79 such soldiers or other armed persons, that the jury have a right to look to and regard such threatened violence as rebutting any presumption of guilt arising from the concealment or flight of the defendants or either of them.”
On the objection of the Commonwealth, the court refused to give this instruction to the jury, to which decision the appellants excepted.
It was proven on the part of the prosecution that the appellants, although quickly pursued by soldiers and others, could not be found upon search made for them at their homes, and were subsequently arrested in or near the city of Cincinnati. These circumstances, unexplained, could not have failed to lend to the other facts an additional presumption of guilt. But there was evidence before the jury tending to explain the concealment and flight of appellants, upon the ground that they were occasioned by an apprehension of violence from soldiers or otherwise; and this, in our opinion, was competent evidence, which the jury had a right to regard as conducing to rebut the presumption of guilt arising from the concealment of flight of the appellants, and the court erred in refusing to so instruct the jury.
Wherefore, the'judgment as to each of said appellants is reversed, and the cause remanded for a new trial and further proceedings not inconsistent with this opinion.