### TOBE BLIGH *v.* COMMONWEALTH.

**Homicide—Instruction.**

An instruction that if the jury believe from the evidence that W.
was killed as charged, and that the accused was voluntarily present
and "approved" of the killing of W., such voluntary presence and
approval render him equally guilty with the actual perpetrator of the
homicide, without stating what acts would constitute aiding, abetting
or other participation in the crime, was held erroneous.

APPEAL FROM TAYLOR CIRCUIT COURT.

March 12, 1874.

OPINION BY JUDGE HARDIN:

The only questions to be determined in this case, are as to the
correctness of the action of the court in giving and refusing in-
structions to the jury.

In the first, second and sixth instructions which were given, the
court, upon the hypothesis that Chiles was shot and killed by Wil-
liams, told the jury, in substance and effect, for their guidance in
passing on the question of the guilt or innocence of the appellant,
as a principal in the second degree, that if from the evidence they
should believe that Williams was guilty as charged, and that the ap-
pellant was at the time voluntarily present and "approved" of the
killing, such voluntary presence and approval rendered him equally
guilty with the actual perpetrator of the homicide.

It is a familiar and well established principle that: "To constitute principals in the second degree, there must be, in the first place, a participation in the act committed, and in the second place, presence, either actual or constructive, at the time of the commission." Wharton on Crim. Law, 4th edition 120. This court declared in the case of Plummer v. Commonwealth, 1 Bush 76, that the mere fact of the presence of an accused party at the commission of a crime by another, and his "consent" to the act committed, did not, of themselves, constitute a participation in the act; and it was misleading and erroneous to so instruct the jury as to authorize the finding of a verdict of "guilty," without defining to them what acts were legally sufficient to constitute an aiding, abetting, or other actual participation in the commission of the act. We do not think that the word "approve," as used in the instructions in this case, imparts more than the mere consent in its usual and ordinary acceptation. It results that, in our opinion, the court erred to the appellant's prejudice, in giving the particular instructions we have indicated.

The law governing the action of the jury, in the event that they should have a reasonable doubt of the defendant's having been proved to be guilty, does not appear to have been properly given to the jury, although the court was substantially asked to do so in one of the instructions which were offered for the defendant and refused. On this subject the court should have instructed the jury in accordance with Sec. 236, Criminal Code of Practice.

Wherefore the judgment is reversed and the cause is remanded for a new trial in conformity to this opinion.

*W. Howell, for appellant.*

*J. R. Robinson, Attorney-General, for appellee.*