# Morgan, County Judge, et al. v. Champion, County Road Engineer.

(Decided November 2, 1912.)

## Appeal from Anderson Circuit Court.

1. Road Engineer—Appointment of—Qualification—Injunction to Protect in Office—Construction of Statute—Appellee was appointed road engineer by the county judge who attempted to proceed under section 48, chapter 110 of the Acts of 1912, but only two of the six magistrates voted to ratify the appointment, the remaining four not voting. Appellee gave bond and qualified, and following a controversy as to his appointment he sought an injunction against the county judge and fiscal court to prevent their interference with the discharge of his duties, and upon a hearing the injunction was granted. Held, the record is silent as to whether the four members not voting had an opportunity of expressing their will, and it cannot be inferred from the order entered that such opportunity was afforded them. It was necessary after the county judge made the appointment to extend to the four magistrates present an opportunity to express their will. Their silence is not to be assumed to be a consent within the meaning of the statute, which provides that he shall make the appointment "by and with the consent of the fiscal court."

2. The county judge's second effort to appoint, no consent of the fiscal court being shown, is no more valid than the first.

3. Same—Refusal of Fiscal Court to Consent.—While it is not necessary to consider here what reasons might be sufficient to sustain the refusal of the fiscal court to consent to any particular appointment which might be made by the county judge, they cannot by their own arbitrary refusal to consent, defeat the filling of the office.

4. Same—Appointment not in Accordance With Statute—Dissolution of Injunction.—The record failing to show that the plaintiff was ever appointed in the way demanded by the statute, the order granting the injunction was erroneous and it must be dissolved.

E. H. GAITHER and F. E. FELAND for appellants.

LILLARD H. CARTER, B. H. SEALY and C. H. MORRIS for appellees.

OPINION BY JUDGE WINN—On Motion to Dissolve an Injunction.

Pursuant to section 48 of chapter 110 of the acts of the General Assembly of the 1912 session, the county judge of Anderson County, on October 1, at a meeting of the Anderson County Fiscal Court, set about appointing a road engineer. What happened on that day is shown by the following order:

"At a regular term of the Anderson County Fiscal Court, held at Lawrenceburg, Kentucky, on Tuesday. October 1, 1912.

"Pres. Hon. Wilkes H. Morgan, judge, and all of the justices of the peace being present.

"Came Wilkes H. Morgan, county judge, and appointed M. C. Champion county road engineer for Anderson County.

"Two of the magistrates, C. Mothershead and R. B. Story, voting to ratify said appointment and the remaining four justices of peace not voting on said motion to ratify said appointment."

Mr. Champion gave his bond and qualified as county road engineer. A controversy having arisen as to his appointment, he filed his petition in equity in the Anderson Circuit Court against the county judge, the various members of the fiscal court, and J. H. Crook, the county treasurer, in which he alleged that the fiscal court, on October 2, attempted to make an order by which they appointed themselves supervisors and commissioners of the public roads; and that they were interfering with and preventing him from discharging the duties of his office, and were threatening to continue to do so; that the roads of the county were in bad condition and needed immediate work. Upon a hearing the circuit judge awarded him an injunction, in substance granting him the relief asked. The four magistrates who were shown as not voting in the order above have entered their motion before the undersigned to dissolve the order of injunction.

First, upon the sufficiency of the order above named to make Mr. Champion the road engineer; in Ray v. Armstrong, 140 Ky., 820, it was held that where a member of a public board of assessment and valuation was present and did not vote, he would be counted as assenting and his presence as an affirmative vote. With that conclusion we entirely agree; but there the record showed that a vote was in reality taken, that those voting in the affirmative were given their opportunity to vote and those who desired to vote in the negative were given their opportunity to vote. In other words, the silent member there had an opportunity to vote yea if he desired and an opportunity to vote nay if he desired. The record disclosed affirmatively that he had an opportunity of expressing his representative will. The record in the instant case is silent upon this subject. We cannot infer

from the order entered that an opportunity was afforded those four silent ones to express their will. The record does show that the affirmative votes were taken; and there it stops. It does not anywhere show that the county judge made the appointment and then extended to the magistrates present who were opposed to the resolution an opportunity to express their opposition by their votes. That such a course is necessary is demon- strated by the Ray case, upon which the plaintiff here relies. If we should support an order of the nature made in the case here and should apply the doctrine of the Ray case (which is sound and should be applied), the presiding officer of a county court would only need to call for an affirmative vote, and then by failing or refusing to take the negative vote, to have the record show them as not voting and, therefore, silent and acquiescing. The order only shows the affirmative vote of two of the magistrates and does not show that the remaining four ever had an opportunity of expressing their consent to or disapproval of the appointment. Under this condition, their silence is not to be assumed to be a consent within the intent of the statute. The section of the new statute under consideration provides that the county judge shall make the appointment "by and with the consent of the fiscal court."

The distinction between consent as some active propulsion or expression of the mind, and mere acquiescence as a non-active immobile condition, is drawn in the case of Plummer v. Commonwealth, 1 Bush, 76. Consent was said to be an "agreement of the mind to what is proposed or stated by another;" and that the mere standing by without volition, the mere acquiescence, was not a consent in the way of participation. In the case of Aull v. Columbia, &c., R. Co., 42 S. C., 431, it was held that consent implies some positive action as distinguished from a permission manifested by mere passivity. In Cocke v. Gooch, 5 Heisk., 294, it was said that consent "cannot be substituted for by a passive acquiescence." In True v. Commonwealth, 90 Ky., 651, an instruction against an accomplice in a murder was held bad because the consent demanded by the instruction was that of offering no resistence to the crime without the slightest contribution to it by the accomplice's own will. In State v. Cross, 12 Iowa, 66, it was held that a submissive mind did not necessarily involve a consenting mind. In Philomath College v. Wyatt, 27 Oregon, 390,

it was held that in respect to suffrage consent meant the active concurrence of the voters, and not a passive acquiescence. In Crabbe's Synonyms, the philologist, in differentiating to consent, to permit, and to allow, says that a consent is "an express sanction to the conduct of others." In Kentucky the rule is that when an election is held at which a subject matter is to be determined by a majority of the voters entitled to cast ballots thereat, those absenting themselves, and those who, being present, abstain from voting, are considered as acquiescing in the result declared by a majority of those actually voting. Montgomery County Fiscal Court v. Trimble, 104 Ky., 629; but in that case, as in the Ray case, the record disclosed that an election was held and every one entitled to vote had his opportunity to vote, to say yes or to say no. Silence, passivity or acquiescence, therefore, in accord with the foregoing cases, cannot, in the case at bar, be said to be an affirmative consent, in the absence of any demonstrated opportunity to vote denying consent.

The magistrates who did not vote have put into the record their affidavit, in which they state that when the county judge proceeded to take the vote, he first took the affirmative vote, two votes being cast upon that side; that then the county judge said that the motion was lost; that he was then requested to put the negative of the question in order that these other magistrates might have an opportunity to vote, but that the judge refused to do so, saying that it was unnecessary and that the affirmative vote had failed for want of a sufficient number. The effect of this affidavit, if admitted, would be to nullify or modify a record of the fiscal court by extrinsic testimony, which cannot be done. "The fiscal court is a court of record. It must speak by its records. Parol evidence is not competent to show that the court did something not shown by its records, or that it did not do something which is shown by its records." Kozee, &c. v. Commonwealth, 139 Ky., 66. That affidavit was not and is not properly receivable as evidence.

Upon October 16th, the four members of the fiscal court met and held a special session of the fiscal court which had been called by them as a majority of the court under the authority of section 1838 of the Kentucky Statutes, the order reciting that the county judge was unable magistrates who were present being a quorum, ento call the special term. At this called meeting the four

deavored (as they recited) to correct the order above quoted, by an order stating, in substance, that the order named did not speak the whole truth and did not contain a statement of what occurred at that time, and that said order should be and was corrected so as to read as follows:

"Came Wilkes H. Morgan, county judge, and announced his appointment of M. C. Champion county road engineer of Anderson County and asked the consent of the fiscal court thereto, and thereupon C. Mothershead and R. B. Story voted to consent thereto and H. Satterly, Lloyd Simpson, J. C. Crawford and C. H. Catlett and each of them refused to vote to consent thereto, and thereupon the judge announced that the appointment of said Champion was rejected for lack of sufficient vote. It is ordered that the consent of the fiscal court is refused to said appointment."

The detailed proceedings taken on October 16th were of no effect as against Mr. Champion. If a mistake is made in the entry of the orders of the fiscal court it may be corrected by the court that made it, summarily during the term at which it is made, or, after the term, upon reasonable notice to the persons affected. Grayson County v. Rogers, 122 S. W., 866. The record does not show any notice was given to the persons to be affected here of the meeting on October 16th, or of the effort then to be made to change the order made at the prior term on October 1st.

On the 7th day of October, at a called term (as the order recites), the county judge again appointed Mr. Champion as county road engineer. This order does not show that any of the magistrates were present or that any of them voted the one way or the other as consenting to or disapproving the appointment. If we should consider that the failure to consent on the first day left the office vacant, then, under the further provisions of the same section of the act, the county judge should fill a vacancy in the office of road engineer by appointment "by and with the consent and approval of the fiscal court." In other words the consent of the fiscal court is by the very terms of the statute, as much an essential to an appointment when the office becomes vacant as it is upon the original appointment. If it had been the purpose of the Legislature to permit the county judge to appoint in vacation subject to ratification or confirmance by the fiscal court when in session, it would have said so.

It doubtless had in mind that the county judge could convene the fiscal court at any time for immediate action upon his appointment when a vacancy might demand the filling of the office. The county judge's second effort to appoint, no consent of the fiscal court being shown, is no more valid than the first.

The record shows that the supervisor of roads in Anderson County under the old law, had resigned from his office. The office of county road engineer was, therefore, vacant and ready to be filled. Under section 48 of the Statutes it is made imperative upon the county judge, with the consent of the fiscal court, to make the appointment. If that duty is not performed they can be compelled by proper proceeding to perform the duty which the statute lays upon them. They will not be permitted for whimsical or arbitrary reasons to avoid the operation of the statute. We do not consider it proper at this time to go into a discussion of what reasons might be sufficient to sustain the refusal of the fiscal court to consent to any particular appointment or any particular selection which might be made by the county judge; but rest the matter by saying that they cannot, by their own arbitrary refusal to consent, defeat the filling of the office.

The record failing to show that the plaintiff, Champion was ever appointed in the way demanded by the statute, the order of injunction protecting him in that office must be and is dissolved. All of the judges of the court save Judge Nunn, who was absent, sat with the undersigned in the consideration of this motion. They all concur in the conclusions reached.