## Commonwealth on Relation of Harry Hawkins, Judge, et al. v. McCrone, et al., Justices of the Peace.

(Decided April 18, 1913.)

### Appeal from Campbell Circuit Court.

1.  County Road Engineer—Election of.—The appointment of a county road engineer cannot be made by the county judge without the consent of the fiscal court. While the statute creating the office of county road engineer confers upon the county judge authority to appoint him to the office, it also provides that the fiscal court (i. e. a majority of its members), must confirm or consent to the appointment to make it effective. Therefore, the consent of the fiscal court to the appointment of the person nominated by the county judge, is as imperatively necessary as is the action of the county judge in nominating him.

2.  County Road Engineer—Refusal of Fiscal Court to Consent to Appointment of—Mandamus Will Not Lie to Compel Consent.—The fiscal court is invested with powers that are judicial or quasi judicial in their character, but it is in a larger sense an executive board with both legislative and ministerial powers, in the exercise of which it is clothed by law with a broad discretion that cannot be controlled by other judicial tribunals of more comprehensive powers. So when a majority of the members of the fiscal court, by voting against one named by the county judge for the office of county road engineer, refuse to consent to his appointment as such, mandamus will not lie to compel them to give such consent, or to again vote upon the question of whether they will do so.

3.  County Road Engineer—Fiscal Court Cannot be Required by Mandamus to Consent to Particular Person, But May Be Required to Give or Refuse Consent.—The members of the fiscal court can-

not be required by mandamus to consent to the appointment of a
particular person as road engineer or to give their reasons for re-.
fusing their consent to the appointment of the person named for
the office by the county judge. If, however, they unreasonably,
arbitrarily and for the purpose of preventing the filing of the office,
refuse to vote at all, they can be made to act by voting to give or
refuse their consent.

4. Mandamus—Discretion of Inferior Tribunal Cannot Be Controlled
by.—It is well settled that when the inferior tribunal, or its sub-
ordinate agents, have a discretion over the subject matter, that
discretion cannot be controlled by mandamus, although it may
have been improperly exercised. If there be a refusal to act upon
the subject, or to pass upon the question upon which such discre-
tion is to be exercised, then the writ may be used to enforce
obedience to the law; but when the question has been passed
upon, it will not be used for correcting the decision.

RAMSEY WASHINGTON, A. M. CALDWELL for appellants.

JAMES C. WRIGHT for appellees.

Opinion of the Court by Judge Settle—Affirming.

The county judge of Campbell County, at a meeting
of the fiscal court, held December 2, 1912, informed the
members that he had appointed the appellant, George C.
Traver, county road engineer of Campbell County, and
asked the members of the fiscal court to consent thereto.
A motion to that effect was defeated, four of the six
magistrates of the county present voting in the negative,
one in the affirmative and the remaining magistrate and
the county judge refusing to vote. Thereupon the ap-
pellant and the county judge, suing in the name of the
Commonwealth and in their own right, brought this
action in the Campbell Circuit Court against the magis-
trates composing the fiscal court, praying that they be
required, by the writ of mandamus, to confirm or con-
sent to the appellant Traver's appointment to the office
in question.

The petition set forth the latter's qualifications for
the office and that he had successfully passed, at the
hands of the State Commissioner of Public Roads, the
examination required by the statute and received from
that officer a certificate to that effect, and alleged that.
the action of the members of the fiscal court in refusing
their consent to his appointment as county road en-
gineer was without cause, unreasonable and arbitrary,
and, therefore, an abuse of the discretion with which the
statute clothed them.

The members of the fiscal court opposing the appointment of the appellant, Traver, as county road engineer, by answer, denied that he was qualified to perform the duties of that office and gave various reasons for withholding their consent to his appointment thereto. After filing a demurrer to the answer, which the circuit court overruled, appellants by reply traversed its material averments. On the hearing the court refused the writ of mandamus and dismissed appellants' petition, and from the judgment manifesting these rulings the latter have appealed.

The General Assembly, by an act entitled, "An Act defining Public Roads—providing for their establishment, regulation and construction and use and maintenance—creating the office of road engineer, and prescribing the duties thereof," approved March 18, 1912, made numerous and radical changes in the road law of the State. Section 48 of the act provides:

"There is hereby created in the several counties of the State of Kentucky the office of county road engineer. The county judge of each of the counties of this State, *by and with the consent of the fiscal court,* shall within thirty days after this law becomes operative, on or before the first day of October, 1912, and every two years thereafter, appoint a county road engineer, who shall be either a reputable civil engineer or a man who has had practical experience as a road supervisor or builder for two years, and who shall have passed a creditable examination by the State Commissioner of Public Roads or one of his representatives. * * *"

Other provisions of the same section fix the salary of the county road engineer require of him the taking of an oath of office, execution of a proper bond, maintenance of an office at the county seat, and provide for his removal from office at any time by the county judge for incompetency, malfeasance or misfeasance in office, upon written charges, after a hearing, of which he shall have a ten days' notice etc.

Other sections of the act specifically define the duties and powers of the county road engineer, and prescribe certain penalties for his failure to properly exercise and perform same.

The only evidence heard by the circuit court was furnished by the testimony of the appellant, Traver. It proved him to be possessed of the qualifications required

by the statute and appellees offered no evidence in support of the allegations of their answer as to his unfitness. We deem it unnecessary to state or discuss the charges contained in these allegations as we are of opinion that the members of the fiscal court were not required by the statute to give the reasons for withholding their consent to the appointment, by the county judge, of the appellant, Traver, to the office in question. The appointment of a county road engineer cannot be made by the county judge *without the consent* of the fiscal court. This is the explicit declaration of the statute. The consent of the fiscal court is as imperatively necessary as is the action of the county judge in nominating or appointing the county road engineer. The statute confers upon the fiscal court the power to approve or reject the appointment of the person named for the office by the county judge and, in the event of their refusing to consent to his appointment, requires of them the giving of no reasons therefor. The members of the fiscal court are, in this matter, invested by the statute with a discretion which they alone can exercise. While the fiscal court is invested with powers that are judicial or quasi judicial in their character, it is in a larger sense an executive board with both legislative and ministerial powers, in the exercise of which it is clothed by law with a broad discretion which cannot be interfered with or controlled by other judicial tribunals of more comprehensive powers. Highbaugh v. Hardin, 99 Ky., 16; Taylor v. Commonwealth, 3 J. J. Marshall, 101.

So, if, as argued by counsel for appellants and we are willing to concede, the act of the fiscal court in consenting or refusing to consent to the appointment of the person nominated for county road engineer by the county judge is a purely ministerial act, it is, nevertheless, an act in respect to which that court has a discretion that is beyond the control of the circuit court or this court.

As said in City of Louisville v. Kean, 18 B. Monroe, 17, and reaffirmed in numerous cases of more recent date: "But the doctrine seems to be well settled that when the inferior tribunal, or its subordinate agents, have a discretion over the subject matter, that discretion cannot be controlled by mandamus, although it may have been improperly exercised. If there be a refusal to act upon the subject, or to pass upon the question upon which such discretion is to be exercised, then the writ may be used to enforce obedience to the law; but when the question

has been passed upon, it will not be used for correcting the decision." Board of Trustees v. McCrory, 132 Ky., 326.

The general principle which applies to the issue of a writ of mandamus is familiar. It may be issued to compel the performance of a ministerial act, but not to control discretion. It may also issue against a tribunal, or one who acts in a judicial capacity, to require it or him to proceed, but the manner of proceeding must be left to his or its discretion. If the case here presented were one in which the fiscal court of Campbell County had refused to act at all, the writ would lie to compel it to do so, but it would have to be left to its discretion to consent or refuse its consent to the appointment to the office of county road engineer of the person named by the county judge therefor. But such is not the case; the fiscal court did act and a majority of its members by voting refused to consent to the appellant Traver's appointment to the office of county road engineer; this being true, they cannot again be required to vote upon the question whether they will consent to the appointment of Traver. Appellants rely upon the case of Morgan, Judge, &c. v. Champion, county road engineer, 150 Ky., 396, in which it was held that Champion, there asserting a right to the office of county road engineer for Anderson County, had not been legally appointed to the office, the following excerpt from the opinion being regarded by appellants' counsel as sustaining their right to the relief here sought:

"Under section 48 of the statute it is made imperative upon the county judge, with the consent of the fiscal court, to make the appointment. If that duty is not performed, they can be compelled by proper proceeding to perform the duty which the statute lays upon them. They will not be permitted for whimsical or arbitrary reasons to avoid the operation of the statute. We do not consider it proper at this time to go into a discussion of what reasons might be sufficient to sustain the refusal of the fiscal court to consent to any particular appointment or any particular selection which might be made by the county judge; but rest the matter by saying that they cannot, by their own arbitrary refusal to consent, defeat the filling of the office."

The above paragraph does not sustain appellants' contention. While it says the fiscal court will not be permitted for whimsical or arbitrary reasons to avoid the

operation of the statute, it does not intimate that, where a majority of the members of the fiscal court, by voting against the appointee of the county judge, refuse to consent to his appointment, such action should be declared to rest upon whimsical or arbitrary reasons, although the reasons given for so voting might in fact be unsound.

That feature of the opinion means no more than is expressed in the closing line of the quotation, viz: ''That the members of the fiscal court cannot, by their own arbitrary refusal to consent, defeat the filling of the office.''

There is nothing in the record before us to indicate a whimsical or arbitrary purpose on the part of the fiscal court to prevent the election of a county road engineer for Campbell County. They cannot, without depriving them of the discretion given them by the statute, by mandamus, be compelled to vote for any particular person who may be appointed by the county judge. The county judge can, however, make another appointment, or others successively, until a person of his selection is named for the office to whose appointment a majority of the members of the fiscal court will consent.

Judgment affirmed.