# Chaney v. R. C. Tartar, County Judge, et al.

(Decided October 31, 1913).

## Appeal from Pulaski Circuit Court.

1. Mandamus—Performance of Ministerial Act—Discretion of Tribunal or One Acting in Judicial Capacity Cannot be Controlled—Discretion.—A writ of mandamus may be issued to compel the performance of a ministerial act, but not to control discretion. It may also be issued against a tribunal, or one who acts in a judicial capacity, to require it or him to proceed; but the manner of proceeding must be left to his or its discretion.

2. Road Engineer—Appointment—Refusal by Fiscal Court to Consent to—Cannot Again be Required to Vote Upon Question.—Where a county judge appoints a road engineer under section 48 of the Act of 1912, defining Public Roads, and relating to their establishment, regulation and construction, which authorizes the county judge to make the appointment with the consent of the fiscal court, and a majority of the members of the fiscal court, by voting, refuse to consent to the appointment, they cannot again be required to vote upon the question whether they will consent to the appointment.

3. Mandamus—Refusal of Fiscal Court to Consent to Appointment of Road Engineer—Discretion.—The members of the fiscal court are, in this matter, invested by the statute with a discretion which they alone can exercise; they cannot be controlled therein by mandamus.

O. H. WADDLE & SONS for appellant.

VIRGIL P. SMITH and WESLEY & BROWN for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

Proceeding under the Act of the Legislature, approved March 18, 1912, defining Public Roads and relating to their establishment, regulation and construction, the appellee, R. C. Tartar, County Judge of Pulaski County, appointed the appellant, Andrew Chaney, County Road Engineer for that county. The appellant had passed the examination required by the statute, and held a certificate showing that fact from the State Commissioner of Public Roads.

Section 48 of the Act of 1912 provides, in part, as follows:

"There is hereby created in the several counties of the State of Kentucky the office of County Road Engineer. The County Judge of each of the counties of this State by and with the consent of the Fiscal Court shall

within thirty days after this law becomes operative, on or before the first day of October, nineteen hundred and twelve, and every two years thereafter, appoint a County Road Engineer, who shall be either a reputable civil engineer or a man who has had practical experience as a road supervisor or builder for two years and who shall have passed a creditable examination by the State Commissioner of Public Roads or one of his representatives." Acts 1912, page 329.

When appellant's appointment was brought before the fiscal court, composed of the county judge and six justices of the peace, for confirmation, on January 12, 1913, the county judge and one justice voted in favor of the confirmation, while the remaining five justices voted against it. No objection, however, of any kind was taken to appellant's fitness or character. Thereupon, the appellant brought this action to compel the members of the Fiscal Court, by a writ of mandamus, to approve and confirm his appointment.

In answering the petition, the objecting justices denied, in general terms, the qualification of appellant to hold the office of road engineer, without attempting to specify in what respect he was deficient; and, in addition thereto, they assigned several other reasons in explanation of their refusal to confirm appellant's appointment, which it is unnecessary to set out in detail.

A demurrer was interposed to the answer and overruled; and the case having been submitted to the court upon the pleadings, the petition was dismissed. From that order the plaintiff prosecutes this appeal.

As appellant had taken the examination required by the statute, and no objection was shown to his appointment, he insists that the action of the five recalcitrant members of the fiscal court was arbitrary and whimsical.

In considering the force and effect of this statute in the late case of Morgan, County Judge v. Champion, 150 Ky., 396, we said:

"Under section 48 of the statute it is made imperative upon the county judge, with the consent of the fiscal court, to make the appointment. If that duty is not performed they can be compelled by proper proceeding to perform the duty which the statute lays upon them. They will not be permitted for whimsical or arbitrary reasons to avoid the operation of the statute. We do not consider it proper at this time to go into a discussion

of what reasons might be sufficient to sustain the refusal of the fiscal court to consent to any particular appointment or any particular selection which might be made by the county judge; but rest the matter by saying that they cannot, by their own arbitrary refusal to consent, defeat the filling of the office."

The precise question here presented has been passed upon by this court in Commonwealth v. McCrone, 153 Ky., 296, since this appeal was taken. The facts in the McCrone case are peculiarly like the facts in this case; indeed, the two cases may be said to be on all fours in their controlling features. In that case, as here, a majority of the members of the Fiscal Court voted against the confirmation of the county judge's appointee as road engineer, and the engineer thereupon sought, by a writ of mandamus, to require the fiscal court to confirm his appointment.

In discussing the scope of the remedy by a writ of mandamus, in the McCrone case, this court said:

"The general principle which applies to the issue of a writ of mandamus is familiar. It may be issued to compel the performance of a ministerial act, but not to control discretion. It may also issue against a tribunal, or one who acts in a judicial capacity, to require it or him to proceed, but the manner of proceeding must be left to his or its discretion. If the case here presented were one in which the Fiscal Court of Campbell County had refused to act at all, the writ would lie to compel it to do so, but it would have to be left to its discretion to consent or refuse its consent to the appointment to the office of county road engineer of the person named by the county judge therefor. But such is not the case; the Fiscal Court did act and a majority of its members by voting refused to consent to the appellant Traver's appointment to the office of county road engineer; this being true, they cannot again be required to vote upon the question whether they will consent to the appointment of Traver."

Furthermore, in the McCrone case, as in the case at bar, the opposing magistrates, by answer, denied that the appointee was qualified to perform the duties of road engineer, and gave various reasons for withholding their consent to his appointment. In speaking of their position in this respect, we there said the justices were invested by the statute with a discretion which they alone could exercise; and that where a majority of the members of

the Fiscal Court, by voting, refused to consent to the appointment of a county engineer, they could not again be required, by mandamus, to vote upon the question whether they would consent to the appointment.

Since the McCrone case effectually disposes of this case, further comment or discussion is unnecessary.

Judgment affirmed.