## Moore v. Campbell.

(Decided March 18, 1915.)

### Appeal from Ballard Circuit Court.

1. Highways—Roads—Appointment of Agents for Road Construction—Consent of County Judge.—Under Section 52 of the Act of 1912 relating to public roads, which provides for the appointment of precinct agents necessary for the construction of roads by the county road engineer, with the advice and consent of the county judge, the county judge must consent not only to the employment of agents, but to the selection of the particular agents employed.

2. Highways—Roads—Appointment of Agents for Road Construction—Duty of County Judge.—Where an appointment of agents for road precincts is made by the county road engineer pursuant to Section 52 of the Act of 1912, relating to public roads, and the appointees of the road engineer are fit, competent and qualified to do the work, the county judge cannot refuse his consent on the sole ground that he prefers that someone else be appointed, but it is his duty under such circumstances to consent to the appointment made by the road engineer.

3. Highways—Roads—Appointment of Precinct Agents—Act of 1912—Repealed by Act of 1914.—The Act of 1912, Chapter 110, Acts 1912, page 309, giving to the road engineer the power to appoint precinct agents by and with the advice and consent of the county judge has been repealed by the Act of 1914, Chapter 80, Acts 1914, page 338, Sections 4287-4356s, Kentucky Statutes 1915, and the power of appointment is now vested in the fiscal court or county judge. Section 43, Chapter 80, Acts of 1914, page 338; Section 4329, Kentucky Statutes, 1915.

W. A. ANDERSON for appellant.

J. D. VIA for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

This is an agreed case to determine whether or not, under the act of 1912, the county road engineer has authority to name and appoint precinct road agents without the consent of the county judge. The question arises in the following way:

W. I. Campbell was the regular road engineer in Ballard County. On April 5, 1914, the fiscal court made an order directing that two grader crews be worked ninety days or more on the public roads of the county in the year 1914. The road engineer selected Will Rollins and H. H. Stovall as bosses for the two grader crews. The county judge refused to consent to these appointments, but wanted the privilege of naming G. L. Sams as boss of one of the grader crews. The fiscal court adjourned on the 11th day of April to April 18th to give the county judge and road engineer an opportunity to agree upon the men to be selected. No agreement was reached, and when the court met on the 18th it made an order ratifying the appointments made by the road engineer.

This action was brought for the purpose of determining the rights of the parties. On final hearing the trial court held that after the county judge had given his consent to the employment of precinct road agents the road engineer had the right to name and select the persons to fill these positions. From this judgment the county judge appeals.

At its 1912 session the General Assembly passed an act entitled "An Act defining public roads—providing for their establishment, regulation and construction and use and maintenance—creating the office of road engineer, and prescribing the duties thereof." This act was approved March 18, 1912, and may be found in the Acts of 1912, page 309. Section 48 of the act creates the office of county road engineer, and provides that "the county judge of each of the counties of this State by and with the consent of the fiscal court, shall within thirty days after this law becomes operative, on or before the first day of October, nineteen hundred and twelve, and every two years thereafter, appoint a county road engineer, who shall be either a reputable civil engineer or a man who has had practical experience as a road supervisor or builder for two years, and who shall have passed a creditable examination by the State Commissioner of

Public Roads or one of his representatives.'' Section 52 provides that the county road engineer shall have general charge of all public roads and bridges within the county, and defines his duties. Section 53 is as follows:

''By and with the advice and consent of the county judge, the county road engineer shall employ such agent or agents in the different road precincts of the county as may be necessary to carry out the provisions of this chapter, and may summarily discharge such employes at pleasure; such employes shall perform service upon the public roads of the county in whatever station employed, according to the direction and in the manner prescribed by the county road engineer. Such employes may receive such compensation per day as may be agreed upon with the county road engineer, subject to the approval of the county judge. Provided, that every able-bodied man employed under the provisions of this chapter for service on the public roads shall receive the prevailing wages of the vicinity in which the work is to be done, which shall not be less than one dollar nor more than two dollars per day according to services rendered, except in the case of assistant engineers required for special work, who shall receive not more than five dollars per day.''

The county judge contends that under the above section he must consent not only to the employment of agents, but to the selection of the particular agents so employed. On the other hand, the county road engineer insists that after the county judge has consented to the employment of agents, the naming of the particular agents rests entirely with him.

It will be observed that the language of Section 52 of the act in question is almost identical with that of Section 48, which provides for the appointment by the county judge of a road engineer, by and with the consent of the fiscal court. In construing this provision it was held that the consent of the fiscal court was necessary. Morgan v. Champion, 150 Ky., 396. Indeed, this is the universal interpretation given to statutes and constitutional provisions like the one in question. For instance, the Constitution of the United States gives to the President the power, by and with the advice and consent of the Senate, to make treaties, and the further power to nominate and by and with the advice and consent of the Senate, to appoint ambassadors, etc. U. S. Constitution, Art.

2, Sec. 2, Sub-section 2. In construing this provision it has never been held that after the Senate had authorized the making of a treaty, the President may then agree on the terms of the treaty, or after the Senate had consented to the appointment of an ambassador, the President may make the appointment without the advice and consent of the Senate. The Senate must consent, not merely to the making of the treaty, but to the terms thereof, and not merely to the appointment of an ambassador, but to the particular person appointed. Construing the section in question in the light of the construction given to Section 48, and in the light of the uniform construction given to similar statutes and constitutional provisions, we conclude that the county judge must not only consent to the employment of agents, but to the selection of the particular agents so employed. In discussing the effect of Section 48 in the case of Morgan v Champion, *supra*, it was held that the fiscal courts should not, by their own arbitrary refusal to consent, defeat the filling of the office of road engineer. There is every reason why the same rule should apply in the appointment of precinct agents. So long as the county judge's refusal to consent is based on the incompetency or unfitness of the appointee, or other reasonable ground, his action is justified. Where, however, the appointee of the road engineer is fit, competent and qualified to do the work, the county judge cannot, under the act of 1912, refuse his consent, as the agreed facts show was done in this case, on the sole ground that he prefers that someone else be appointed. Under such circumstances, it is his duty to consent to the appointment made by the road engineer.

As the trial court held that the appointments made by the road engineer without the consent of the county judge were valid, it follows that the judgment is erroneous.

In order to avoid confusion, it is proper to say that the question here presented arose under the act of 1912, chapter 110, Acts 1912, page 309, and that the act of 1912 has been expressly repealed by the act of 1914, Chapter 80, Acts 1914, page 338, which act is now embraced in Sections 4287 to 4356s, Kentucky Statutes, 1915. Under this act the power of employing agents in the different road precincts is no longer vested in the road engineer with the advice and consent of the county

judge, but is vested in the fiscal court or county judge. Section 43, Chapter 80, Acts 1914, page 338; Section 4329, Kentucky Statutes, 1915.

Judgment reversed and cause remanded for proceedings consistent with this opinion.