## Johnson et al. v. Elliott County Board of Education et al.

(Decided Nov. 15, 1932.)

JOHN M. THEOBALD for appellants.

WALTER MOBLEY and JAMES CLAY for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER —Affirming.

Upon the allegation that they had been duly chosen as teachers in the Elliott County High School at Sandy Hook, the appellants, Herbert Kegley and Clyde Johnson, filed this suit against the County Board of Education and its members to enforce their rights by injunctive processes. From an adverse judgment they appeal.

It appears that for several months the county superintendent of schools had insisted upon the election

of the appellants, while a majority of the board were opposed to them, although it is stipulated they were of good character and qualified as teachers. It is made clear by the minutes of the board that on June 24, 1932, they were rejected by a vote of three to two members of the board. As to what occurred at a meeting of the board held on July 16th we are unable to determine definitely because of the contradictory claims. However, it is clear that then, as theretofore, three of the five members were unalterably against electing the appellants, and that at some time, not disclosed in the minutes, they had voted for two other persons who were never nominated by the county superintendent. We may safely conclude also that at one stage of the proceedings on this day the county superintendent, personally, called for a vote on her nominations of Johnson and Kegley, and that two of the members voted "aye," one "no," and two responded "not voting," and the minutes so recorded the votes. It is also manifest that, in expressly declining to vote, these two men declared that they had already sufficiently expressed their disapproval of the nominations and would not do so again because they regarded the proceedings as unnecessary and futile.

It is by this vote that the appellants claim their election. They urge that there must be applied the rule that, when members of a municipal body stand by and refuse to vote upon a proposition submitted to it, it will be deemed that they acquiesced in the decision of the majority of those who do express themselves, and such silent members are to be regarded as having effectually voted with the majority and are to be counted accordingly. In this instance the result would be a four to one vote in favor of the appellants. We do not consider that rule to be applicable to the facts here presented. The rule has been considered in at least four opinions of this court, in none of which were the facts similar to those here presented.

At a meeting of the State Board of Equalization, composed of eight members, all of whom were present, upon a proposal to raise a county's tax assessment, four voted in the affirmative, three in the negative, and one remained silent. Answering its own inquiry as to the legal effect of this, the court stated:

"If it be held that his not voting had the same effect as if he had been absent, it would belie the

facts, for he was not absent. His silence should, we think, be construed as concurring with the majority. His silence is acquiescence rather than opposition. His refusal to vote is, in effect, a declaration that he concurs with the majority. Otherwise he should vote against the majority, which would have defeated the proposition."

Opinions of the Supreme Court of the United States and a number of state courts were cited in support of the conclusion. Ray v. Armstrong, 140 Ky. 800, 131 S. W. 1039, 1049.

This rule was followed in Lawrence County v. Lawrence Fiscal Court, 191 Ky. 45, 229 S. W. 139, where four members of a fiscal court voted affirmatively, three negatively, and the action of one member was not disclosed. It was assumed he did not vote.

The rule was also applied in Montgomery v. Claybrooks, 213 Ky. 493, 281 S. W. 469, where there was before a county board of education a proposal by motion to erect a school house and one member present did not vote.

In Morgan v. Champion, 150 Ky. 396, 150 S. W. 517, the appointment of a certain person for county road engineer, which required the consent of the fiscal court, was submitted and two of the magistrates voted to confirm and four did not vote because, as far as the record disclosed, they were not given an opportunity to vote in the negative. It was held that the rule was inapplicable because those not voting were given no opportunity to express their disapproval. The distinction between the two states of fact and the philosophy of the rule are interestingly discussed.

As indicated there, the rule is founded upon the theory that silence is acquiesence, or, as the old saying has it, "Silence gives consent." That is but a conclusion resting upon presumption. When the reason for a rule fails the rule becomes inapplicable. Consent is a meeting of minds, and, in the instant case, it is affirmatively manifested that these members of the board had no intention of "meeting the mind" of the county superintendent in regard to appellants' nominations. Their action cannot be construed as consistent with an inference or presumption of acquiescing with the majority; hence, the rule cannot be applied. We think they were justified in refusing to vote again under the circumstances disclosed by the record.

Upon this latter point, as well as upon the principal issue, the cases of Commonwealth ex rel. Hawkins v. McCrone, 153 Ky. 296, 155 S. W. 369, and Chaney v. Tartar, County Judge, 155 Ky. 617, 159 S. W. 1148, are of more than passing interest. In each case the county judge had nominated a road engineer which he was authorized to appoint ''by and with the consent of the fiscal court.'' The appointment had been rejected by a majority vote and in each case it was sought by mandamus proceedings to compel the members of the fiscal court to confirm the appointment, alleging that the action of the magistrates in refusing to do so was arbitrary and without cause. It was held that by the explicit declaration of the statute consent of the fiscal court was as ''imperatively necessary'' as was the action of the county judge in nominating, and that a majority of the fiscal court having refused to consent they could not be required to vote again upon the nomination.

The Statutes (Ky. Stats., sec. 4399a-11) require that teachers for county high schools shall be nominated by the county superintendent. They do not vest any authority in the board to choose a person not so nominated. Floyd County Board of Education v. Hall, 242 Ky. 680, 47 S. W. (2d) 514; Rynerson v. Mercer County Board of Education, 244 Ky. 292, 50 S. W. (2d) 567. As to what the powers of the board and superintendent are in the premises when there is a deadlock, we need not undertake here to determine. The appellants predicated their claims upon their election as teachers. They were unable to show such an election, and so were not entitled to the relief sought.

Accordingly, the judgment is affirmed.