Hubert F. WHITE, Appellant,

v.

Jack JENKINS et al., Appellees.

Court of Appeals of Kentucky.

May 15, 1959.

William S. Tribell, Middlesboro, for appellant.

Kelly Clore, Pineville, for appellees.

CLAY, Commissioner.

Appellant, mayor of the city of Middlesboro, was enjoined from conducting a hearing of charges against appellees, who were members of the Common Council of that city.

The facts are not in dispute. A petition was filed with the Common Council, charging appellees with being personally interested in contracts with the city which disqualified them from holding their offices. When the petition was read at a regular meeting of the council, there was offered for passage an ordinance prescribing procedure for hearing such charges. This ordinance failed of passage. Subsequently appellant, as mayor, gave written notice to appellees that the charges preferred against them would be heard on a certain date. This suit was brought to prevent the holding of such a hearing.

Middlesboro is a city of the third class, and the provisions of Chapter 85, Kentucky Revised Statutes, apply. KRS 85.060(3) provides that no person shall be eligible to the office of councilman who at the time of his election is interested in any contract with the city. KRS 85.300(2) provides as follows:

"If any officer, after his election or appointment, incurs any disqualification or does any act that would have rendered him ineligible if existing or done at the time of his election or appointment, his office shall be considered vacant."

KRS 85.070(1) provides as follows:

"The common council shall determine as to the qualifications and election of its members. Cases of ineligibility, contested elections and *disqualification after election* shall be heard and determined by the common council *in a manner provided by ordinance,* and the result declared by resolution, the yeas and nays to be called and entered upon the journal." (Our emphasis.)

The Chancellor decided, as provided in the latter statute, that appellees could not be proceeded against in the absence of an ordinance establishing procedure to hear and determine the charges. Appellant's first contention is that any such procedure is unnecessary because KRS 85.300(2) is self-executing, and automatically vacates the office when the officer commits the act constituting a disqualification under the provisions of KRS 85.060(3). In support of this position is cited Napier v. Gay, 264 Ky. 359, 94 S.W.2d 682. In that case, involving a fourth class city, under a statute somewhat similar to KRS 85.300(2), we held that the fact of becoming interested in a contract with the city automatically vacated the office, and the officer so involved was not entitled to any notice or hearing.

The foregoing case is not controlling for the reason that the statutes governing a third class city are markedly different from those governing one of the fourth class. The legislature, doubtless realizing the necessity for having some official body decide whether or not a disqualifying act had been committed, has specifically provided by KRS 85.070(1) for a hearing and a determination by the Common Council in a proceeding established by ordinance. Clearly under this statute the office does not become vacant until so declared by resolution of the council pursuant to such proceeding. The Chancellor correctly decided that in the absence of such a procedural ordinance a hearing before the council cannot be held.

Appellant makes the further contention that in effect a procedural ordinance was adopted because appellees had no right to cast their votes against it in view of their personal interest. KRS 85.070(3). While the appellant, as mayor, raised a question concerning the right of appellees to vote when the ordinance was up for its second reading, he ruled that the ordinance had failed of passage and that is what the records of the Common Council show. We cannot declare an ordinance ef-

fective which appellant himself in his official capacity had ruled did not pass.

In view of the developments in this case, it appears the statutory scheme for vacating an office is not a satisfactory one, and possibly other proceedings might remove the impasse. However, the Chancellor properly adjudicated the issues in this lawsuit.

The judgment is affirmed.