CASE 76—PETITION ORDINARY—JANUARY 30.

| 89 | 505 |
| 98 | 64 |

# Morton v. Youngerman.

## APPEAL FROM CAMPBELL CIRCUIT COURT.

1. ELECTION OF OFFICERS BY CITY COUNCIL.—Where the charter of a. city provides for the election of an officer by the city council, a majority of the votes cast, there being a quorum present and voting, will elect the officer in the absence of an express statute requiring a majority of the body.

2. SAME.—A city council may adopt rules which will facilitate its proceedings in the election of officers; and there was nothing unreasonable in a regulation providing that a majority of the members voting might elect, and further providing that where nominations were made the candidate receiving the lowest number of votes should be dropped after the fourth roll-call, and so on; but even in the absence of such a regulation, one who received a majority of the votes cast, there being a quorum present and voting, was properly declared elected.

JAMES C. WRIGHT, NELSON & DESHA FOR APPELLANT.

1. As no one was elected by a majority of the members of the board who were present, no one was elected by the board, and as there was no election, appellant had the right to hold over. (Const. of Ky., art. 6, sec. 6; charter of city of Newport, Acts of 1873-4, p. 330.)

   In the absence of special provision, *the major part of those present* at a meeting of a select body *must concur* in order to do any valid act.. (Dillon on Mun. Corp., sec. 220; Blackstone, Book I, p. 478; Coles v. Williamsburg, 10 Wend., 658; Buell v. Buckingham, 16 Iowa, 284; State of Delaware v. Town of Wilmington, 3 Harrington, 300; 2 Kent., 293; 1 Kyd on Corporations, 308, 400, 424; Angell & Ames on Corp., p. 452; 7 Serg't & Rawle, 517.)

2. "Rule 33" is invalid, because it was never passed by the board, and because such a rule would be contrary to the common or general law of the State.

3. Ordinances can not enlarge or change the charter or statute (Dillon on Mun. Corp., sec. 251), much less the Constitution of the State.

4. Every by-law must be reasonable, not inconsistent with the charter of the corporation or any statute of Parliament, nor the general principles of the common law of the land. (Dillon on Mun. Corp., sec. 253.)

5. The "Rules of Procedure" relied upon are really ordinances or by-laws. (Dillon on Mun. Corp., sec. 244.)

Additional authorities cited in petition for rehearing: Kniper v. Louisville, 7 Bush, 603; Potter's Dwarris on Statutes and Const., pp. 185, 186; Gen. Stats., chap. 21, sec. 17; Bailey v. Commonwealth, 11 Bush, 689; Lee v. Foreman, 3 Met., 116; Commonwealth v. Ripperdon, Litt. Sel. Cases, 195; March v. Commonwealth, 12 B. M., 29; Owings & Davis v. Iles, 3 Mon., 286.

GEORGE WASHINGTON FOR APPELLEE.

1. A municipal council may adopt any ordinance, resolution or by-law which is not in conflict with the municipal charter or the State Constitution.

"Rule 33" of the city council, under which the election in this case was held, is not in conflict with the city charter or with any provision of our Constitution. (Buckner v. Gordon, 81 Ky., 670, 671.)

2. In the absence of legislative provision a city council may prescribe its own method of performing duties enjoined upon it. (Dillon on Mun. Corp., sec. 151; Idem, sec. 244, n. 1; 10 Ohio, 194.)

3. A rule having been adopted by the board, it becomes binding upon them. (Dillon on Mun. Corp., sec. 244, n. 1; Idem, sec. 245.)

4. As there was no statute or charter provision requiring a majority vote of council for the successful candidate, appellee was fairly elected without the aid of "Rule 33."

In the absence of any statutory provision requiring more, a plurality of the votes cast will elect. (McCrary on Elections, secs. 171, 173, 132, 135; Cooley's Const. Limit., top p. 779 (5th ed.); County v. Johnson, 5 Otto, 369; 13 B. M., 1; Attorney-General v. Anderson, 45 Ohio St., 196, 200, 203.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This appeal involves the right to the office of city engineer for the city of Newport. The appellant is holding over for the reason that the appellee, as he contends, was not elected by the city council in the mode prescribed by the charter of the city.

Section 28 of the charter provides that the engineer shall be elected by the board of councilmen at its second meeting in January, and that "he shall be elected for one year, and until his successor is elected and qualified." By a regulation adopted by the council, the presiding officer is entitled to a vote only when

the board is a tie, and by an additional regulation it is further provided that "a majority of the members elected and voting shall be necessary to choose any officer elective by the board."

It is also a rule that when nominations are made, "after the fourth roll-call, should there be no election, the candidate receiving the lowest number of votes shall be dropped, and so on, until an election is had; and in case of a tie the presiding officer shall decide."

There were three nominations made, and four ballots taken without an election, and on the fifth ballot one of the candidates, under the rule prescribed, was dropped. On the sixth ballot the appellant obtained three votes and the appellee six, the other three councilmen, there being twelve in all, not voting. It was then announced that the appellee was elected. It is urged that the appellee should have received a majority of the entire council, and that the mode of proceeding by which the appellee was elected is in violation of the organic law of the city. Besides, it is further argued that the three members who declined to vote for either the appellee or the appellant offered to cast their votes on the sixth ballot for the candidate who had been dropped, and this was denied them.

We perceive no reason why the council could not adopt a rule which would facilitate the proceedings and result in an election, that otherwise would have prevented the election altogether at the whim of the minority. The charter did not require a majority of all the members present to vote in order to make the election valid. There were nine votes cast out of the

twelve, three members declining to vote for either candidate, and in the absence of an express statute requiring a majority of the entire body, a plurality of the votes cast, there being a quorum present and voting, elected the officer. Mr. Dillon says: "If all the members of the select body or committee, or if all of the agents, are assembled, or if all have been duly notified, and the minority refuse or neglect to meet with the others, a majority of those present may act, provided those present constitute a majority of the whole number; in other words, a major part of the whole is necessary to constitute a quorum, and a majority of the quorum may act." (1 Dillon on Mun. Corp., page 334.)

There was nothing unreasonable in the regulations adopted for the election, and if there had been no such rule the appellee was entitled to the office, because he obtained a majority of the nine votes cast, the entire body being present.

The appellee being, therefore, entitled to the office, the judgment below is affirmed.