## Hyden et al. v. Tarter, County Judge et al.

April 26, 1946.

W. N. Flippin and John M. Perkins for appellants.

Gladstone Wesley for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES— Affirming.

This appeal is from a judgment dismissing the plaintiffs' petition in an action to test the legality of the election held on November 7, 1944, in Beaver precinct in Pulaski county, at which the question propounded to the voters was whether cattle should be prohibited from running at large in the precinct. A majority of the electors who took part in the election voted in favor of the prohibition.

KRS 259.030 provides for the calling of an election in a precinct, justice's district or county for the purpose of ascertaining the sense of the voters on the question whether cattle or certain named species of cattle shall be permitted at large. KRS 259.040 reads in part: "Before any election is held under KRS 259.030 the fiscal court of the county shall decide by a majority of its members whether the election shall be confined to voting precincts or justice's districts, or shall be to take the sense of the voters of the entire county. The decision of the court shall be entered on the records of the court, and shall not be changed for four years."

On August 9, 1929, the fiscal court of Pulaski county adopted the following order: "On motion of Esq. Warren and duly seconded by Esq. Randolph a quorum present and concurring it is ordered and adjudged that all elections held on the proposition whether cattle or any species thereof shall be permitted to run at large on the public highways and unenclosed lands of any proposed territory shall be held in and confined to voting precincts and not otherwise."

The appellants challenge the election held on November 7, 1944, on the ground that the foregoing order is void since it fails to show that a majority of the members of the fiscal court voted in favor of the proposition that all elections held in the county on the question whether cattle shall be permitted to run at large shall be confined to voting precincts. It is conceded that the election is valid, as held by the lower court, if the order is valid. The decision of the question turns on the proper construction of the phrase "a quorum present and concurring." Appellants argue that this phrase properly construed means that "as there are eight justices and the county judge composing the fiscal court, five would be a quorum and that if three of the five voted for the resolution, there would have been a concurrence of the five." This is a strained construction. The record discloses that the county judge and seven justices of the peace were present at the meeting of the fiscal court when the order was entered. The order clearly means that all members of the fiscal court present at the meeting voted for the resolution. Webster's New International Dictionary defines concurring as united in agreement. As used in the order before us, it means

something more than mere acquiescence. As said in Blakemore v. Brown, 142 Ark. 293, 219 S. W. 311, 312, where the court construed an order of a court composed of justices of the peace of the county: "The use of the word 'concurring' necessarily implied consent, evidenced in some overt way, and not a mere silent acquiescence or submission. 2 Words and Phrases, p. 1390. (8 Words and Phrases, Perm. Ed., p. 374). The use of the word 'vote' would not carry with it any stronger implication of some affirmative act of the justices in manifesting their favorable expression." The order is not susceptible of the construction, as claimed by appellants, that some of the justices refrained from voting or voted in the negative, and that only a majority of those present voted in favor of the resolution. But even if this claim be accepted, appellants' argument falls since the record shows that eight members of the court were present and five members constituted a majority of those present. This number also was a majority of all those constituting the court. It may be said in passing that the rule in this state is that where a quorum of the fiscal court is present, those members who are present and do not vote will be considered as acquiescing with the majority. Lawrence County v. Lawrence Fiscal Court, 191 Ky. 45, 229 S. W. 139. See, also, Napier v. Gay, 264 Ky. 359, 94 S. W. 2d 682.

The circuit court properly held the election valid, and the judgment is affirmed