## Sims et al v. Bradley et al.

## Sims et al. v. Seaton et al.

March 8, 1949.

L. B. Alexander for appellants.

Adrian H. Terrell for appellees.

OPINION OF THE COURT BY JUDGE KNIGHT—Affirming.

On December 17, 1928, the City of Paducah, a city of the second class having a Commission-Manager form of government, enacted a general zoning ordinance pursuant to the provisions of Chapter 80, Acts of 1928, now KRS 100.320 to 100.400, relating to cities of the second class. That ordinance was not a complete and comprehensive one, but was apparently enacted for the purpose of holding the status quo and was to remain in effect until repealed or suspended by other and more adequate provisions which might be enacted by the legislative body of the city. Section 2 of that ordinance defines in general terms the residential zones of the city, and reads as follows: "A residential zone within the meaning of this ordinance shall be construed to mean any land fronting on both sides of any public street or court and extending to the rear lot lines of the lots fronting on such street or court, or to the center line of an alley, where at the time of the enactment of this ordinance less than one-third of the frontage of said land within any one block is used or designed for business or industrial purposes, and a block as herein defined shall consist of the space from one intersecting street to the next intersecting street."

The property involved in this litigation is described as being generally located south of 21st Street, west of Mayfield Road, east and west of "C" Street and north of Seitz Street in the City of Paducah. It belongs to Wells Heath and Bennie C. Seaton, wife of Wayne C. Seaton who was mayor of Paducah when this litigation began. The property is described in appellee's brief as "outlying vacant unimproved and neglected blocks of land, being for the most part covered by a dense growth of weeds and bushes, some of which has been platted for sale as residence lots but has never been used for any purpose." It has never been specifically zoned but is located in the general residential zone under the above ordinance.

The Paducah Baseball Association, Inc., recently organized, entered into an agreement to purchase this property from Heath and Seaton for the purpose of constructing a modern baseball park provided the property could be used for that purpose under the zoning laws. After its tentative purchase, the Association filed with

the City Planning and Zoning Commission an application requesting that the property be zoned for business use. Pursuant to the notice required by law, the Zoning Commission met on December 23, 1947, and at that time adopted a resolution zoning for business purposes the property heretofore referred to. Appellants and their counsel appeared at that meeting and protested against the change from residential to business. Present at that meeting were four members of the seven member Zoning Commission, to wit, T. A. Bradley, Wayne C. Seaton, then also mayor, S. J. Craig and Schultz Riggs, appellees in the first appeal shown in the caption, all of whom voted for the resolution. The Board of Commissioners, which is the legislative body of the City of Paducah, adopted by ordinance the resolution of the Zoning Commission thus zoning the property involved for business which would enable the Association to use the site for its ballpark. The procedure followed by the Zoning Commission and the legislative body of the City complied in all respects with KRS 100.390 and 100.400.

## Sims v. Bradley—First Case

Believing the proceedings to have been irregular, and in order to prevent the zoning of the property in question for business, C. G. Sims and R. B. Morrow, appellants herein representing some eighty-five land owners within 200 feet of said property, brought this suit seeking to declare the action of the Zoning Commission invalid and its resolution zoning the property in question void, and to enjoin the Board of Commissioners of the City from adopting the ordinance approving the action of the Zoning Commission. Their attempted cause of action is set out in an original petition and four amended petitions. No attempt will be made to give a complete resume of these pleadings, but it is sufficient to say that they set up in detail the steps that had been taken, some of which have been heretofore set out in this opinion. The principal grounds set out in the pleadings as the basis for asking that the action of the Zoning Commission be adjudged invalid are that there was not a qualified quorum of the Zoning Commission present on December 23, 1947, when the resolution was adopted, because Bennie C. Seaton, wife of Wayne C. Seaton then a member of said Commission and mayor of the City, was owner of part of the property in question,

and he was her agent in the sale of said property to the Baseball Association and he was therefore disqualified to sit as part of the quorum and to vote as a member of the Zoning Commission on said question. It was further alleged that at the time the resolution was adopted on December 23, 1947, eighty-five lot owners within 200 feet of the property affected by the change, and being more than 20% of the lots within said 200 feet, filed a written protest against said resolution. It was further alleged that the title in the resolution was indefinite and uncertain and the property described in the title was different from that described in the body of the resolution in which the description was also indefinite and uncertain, and that the ordinance enacted by the Board of Commissioners of the city is void for the same reason as is the resolution of the Zoning Commission, that is, as to its title. It further alleged that the Zoning Commission and the Board of Commissioners of the City in attempting to change the zoning of the property to business, which had previously been zoned for residential purposes (by the original 1928 ordinance), were doing so in a manner not provided by law, it being the contention of the plaintiffs, appellants herein, that the Zoning Commission is without authority to make such changes under the procedure followed, i.e., as outlined in KRS 100.390 and 100.400.

A demurrer was sustained to the petition and all amended petitions and plaintiffs declining to plead further the court dismissed all of them. The appeal first listed in the caption above is prosecuted from that order.

### Points on Appeal

Although a number of grounds are set up in the pleadings and relied on to establish the invalidity of the action of the Zoning Commission and the legislative body of the City in zoning the property involved for business purposes, on the appeal of this case only two are relied on for reversal of the judgment. First, appellant contends that when the City of Paducah adopted its original zoning ordinance in 1928, the property herein involved, coming within the meaning of a residental zone as defined in section 2 of the ordinance above quoted, became zoned as residential property and that its status as such could not be changed and it could not be re-zoned

as business property without complying with KRS 100.420 which provides that "no change shall be made in opposition to a written protest signed by the owners of twenty percent or more, either in number of lots or in area, of lots included in the change, or within two hundred feet of any lot affected by the change, unless the change is adopted by the unanimous vote of the commission, and the ordinance approving the change is approved by a vote of at least three-fourths of the members of the legislative body." Appellant argues that since appellants constitute more than 20% of the property owners living within 200 feet of the proposed change and filed written protest against same, the change could not be made except by a unanimous vote of the Zoning Commission, which was not had.

If the property in question had once been zoned by the Zoning Commission and the legislative body as provided by KRS 100.390 and 100.400, then the procedure outlined in KRS 100.420 would have been necessary, as contended by appellants. But we think the error appellants have fallen into is their contention that the property has been zoned, except as an emergency, and its status fixed, except temporarily, by the original general ordinance of 1928. As we view that ordinance, which was enacted shortly after passage of the Legislative Act, it was simply a stop-gap measure designed to hold the status quo until such time as specified areas could be laid out into zones and districts. The ordinance was a short one of only eight sections and simply laid out a residential section in general terms. Section 6 of the ordinance itself sets out its purposes and its temporary nature in the following language. "It being the purpose of this ordinance to invest the City Planning and Zoning Commission with immediate and definite authority regarding the control of the subjects over which they are given power and control under said Act of the General Assembly, known and referred to as 'The City Planning and Zoning Law' aforesaid, the provisions of this ordinance shall continue in effect until expressly repealed or superseded by other and more adequate provisions which may hereafter be enacted by the Board of Commissioners."

As we see it, the property involved is for the first time being specifically zoned and in doing so KRS

100.390 and 100.400, rather than KRS 100.420, controls the procedure to be followed.

The second question raised by appellants is that Wayne C. Seaton, then mayor and ex-officio a member of the Zoning Commission, was disqualified to sit as a member of the Commission when the zoning of the block was under consideration because his wife was the owner of part of the property involved and, being her agent, he had a financial interest which disqualified him. While much may be said as to the impropriety of Mayor Seaton sitting as a member of the Zoning Commission under the circumstances of this case, we have been cited to no law or decision which would render his action in doing so illegal. Section 57 of the Constitution of Kentucky, which refers only to members of the General Assembly, is cited as analogous, though not controlling. Conceding for the sake of argument that he was disqualified to vote on this question, we do not think he was disqualified to sit on the Zoning Commission as a quorum member. His vote was not necessary under the procedure under which this property was zoned, that is under KRS 100.390 and 100.400, which does not require a unanimous vote of the Commission. Therefore common law principles are applicable. The rule is that in the absence of an express statute, if a quorum is present, the vote of the majority of those present is sufficient for the adoption of a resolution, by-law, ordinance or other similar action. McQuillin on Municipal Corporatons, Vl. 2, Sec. 624, Morton v. Youngerman, 89 Ky. 505, 12 S.W. 944. Since the resolution of the Zoning Commission was passed by a vote of three members, exclusive of Mayor Seaton and with a quorum present, we think the resolution was legally adopted under the provisions of KRS 100.390 and 100.400.

### Sims v. Seaton—Second Case

The suit of Sims v. Bradley heretofore referred to was filed on January 6, 1948. Shortly thereafter and on February 14, 1948, this companion suit of Sims v. Seaton was filed. This suit was filed by Sims and Morrow for themselves and for the benefit of about eighty-five other named interested parties. The petition was filed after the Board of Commissioners of the City had enacted the ordinance which adopted the resolution and re-

commendation of the Zoning Commission that the property herein involved be re-zoned from residential to business property. The petition alleges in substance that plaintiffs filed with the Board of Adjustment an application and petition for a special exception to the resolution of the Zoning Commission and the ordinance of the Board of Commissioners because the zoning of the property in question will work an unnecessary hardship on the petitioners; that the Board of Adjustment declined to hear any evidence and to consider the application and appeal of plaintiffs for a special exception which would change the property in question back from a business to a residential use; that said action of the Board of Adjustment was taken on the advice of the city attorney of Paducah to the effect that it was not authorized by law to review the action of the Zoning Commission and Board of Commissioners of the City in zoning the said property for business purposes. The petition asks that the Board of Adjustment be directed to hear the application and to render a verdict upon the evidence to be presented before said Board. A demurrer to this petition having been sustained and the plaintiffs declining to plead further, their petition was dismissed and this appeal is prosecuted from that order.

In their brief on this phase of the case appellants give no reason why the decision of the lower court should be reversed and we see no reason why it should be. For the Board of Adjustment to have granted the appeal from the action of the Zoning Commission of December 23, 1947 zoning a section for business purposes, would have meant that the Board of Adjustment was exercising powers of planning and zoning it was never intended it should have. The powers of the Board of Adjustment are set out in KRS 100.470 and in general they are confined to a review of an order or decision of an administrative official, to hear and decide appeals and applications for special exceptions and to authorize variations from the terms of an ordinance where literal enforcement of its provisions would result in unnecessary hardship. Under the pleadings in this case the appeal to the Board of Adjustment was for a special exception because of unnecessary hardship. We do not think the application of appellants which, if allowed, would in effect rezone this district from business to residential,

is within the special exception power of the Board of Adjustment.

As was said by this court in the case of Bray v. Beyer, 292 Ky. 162, 166 S.W.2d 290, 292: "The power to zone property within the city belongs to the legislative department of the city, and that power has not been and cannot be delegated to the Board of Adjustment of the Planning & Zoning Commission, yet if the Board of Adjustment may grant special exceptions or authorize variances, such as the one in the present case, it may eventually destroy the restrictions imposed by the zoning ordinance and, in effect, amend or repeal the ordinance."

The judgment in each case is affirmed.