PIERSON–TRAPP COMPANY, Appellant,

v.

Julian KNIPPENBERG et al., Appellees.

Court of Appeals of Kentucky.

Feb. 26, 1965.

**588**

Robin Griffin, Miller, Griffin & Marks, Lexington, for appellant.

Armand Angelucci, Lexington, for appellees.

MONTGOMERY, Judge.

Upon consideration of a petition for a zone change, the vote of the membership of the City-County Planning Commission of Lexington-Fayette County, Kentucky, was recorded as follows: In favor, members Cook, Jefferson, Bryan, Benton, and Knippenberg; opposed, members Llewellyn and Webb. Members Rogers and Lagrew were present but stated that they abstained. Member McGoodwin was not present. In an appropriate proceeding in the circuit court, it was adjudged that the vote did not meet the requirement of KRS 100.420 for a majority vote. Pierson-Trapp Company, applicant for the zone change, appeals and contends that the abstaining votes should have been counted as affirmative votes, thus giving the petitioner the majority required by KRS 100.420.

The rule is that when a quorum of a governing body is present those members who are present and do not vote will be considered as acquiescing with the majority. Morton v. Jungerman, 89 Ky. 505, 12 S.W. 944; Ray v. Armstrong, 140 Ky. 800, 131 S.W. 1039; Lawrence County v. Lawrence Fiscal Court, 191 Ky. 45, 229 S.W. 139; Montgomery v. Claybrooks, 213 Ky. 493, 281 S.W. 469; Hyden v. Tarter, 302 Ky. 184, 194 S.W.2d 174. By application of the rule seven of the ten votes should have been considered as favorable to applicant's petition. This point was not decided in Craft v. Hall, Ky., 275 S.W.2d 410.

The appellees have failed to file a brief. The appellant's statement of facts and issues is accepted as correct, and its brief reasonably appears to sustain a reversal of the judgment. RCA 1.260(c) (2 & 3).

Judgment reversed.