Sammy WOOD, County Judge
Executive, Appellant,

v.

SHELBY COUNTY, Kentucky, Fiscal Court of Shelby County, Consisting of Roger L. Bailey, James Shaddock, Stewart Demaree, Jack Frazier, Robert Walters, Hubert Gordon, and Edward Masters, Appellees.

Court of Appeals of Kentucky.

April 27, 1979.

John W. Coomes, Coomes, Coomes & Coomes, New Castle, for appellant.

James Hite Hays, Shelbyville, for appellees.

Before MARTIN, C. J., and HOWERTON and LESTER, JJ.

HOWERTON, Judge.

Wood appeals from a judgment of the Shelby Circuit Court dismissing his petition for a Writ of Mandamus. Wood argues that mandamus was the proper procedure and remedy, and that the Shelby County Fiscal Court is required by statute to fix his annual salary between certain maximum and minimum limits, and no less than $16,768.80.

On April 26, 1977, the fiscal court set the county judge executive's salary for the period of January 1, 1978, through December 31, 1981, at $10,800.00. Wood was thereafter elected to that office to serve for that term. On December 20, 1977, the fiscal court passed an order recommending an increase in the county judge executive's salary when the new fiscal court convened. Wood requested an increase in the salary, but on January 10, 1978, the fiscal court denied the request.

On February 1, 1978, Wood petitioned the Shelby Circuit Court for a Writ of Mandamus seeking to force the fiscal court to set his salary in compliance with KRS 67.-705(2)(3)(4). In a lengthy opinion, the circuit court dismissed the petition, concluding that a Writ of Mandamus was improper in this situation.

The circuit court dismissed the petition because:

[S]erious doubts exist as to whether there is an actual duty on the part of the present fiscal court to set the salary. If a determination must be made as to whether or not this duty exists, then Mandamus would not lie for the reason that the court cannot create a legal duty by Mandamus. Assuming, however, that there can be no doubt that there is/was a duty for the present fiscal court to set the salary, then can it be said that this court did not, in effect, set the salary? By its action of January 10, 1978, the fiscal

court refused to raise a salary previously set by the old fiscal court, which clearly shows that it was the intent of the present fiscal court to adopt the salary of $10,800.00 annually previously set by the 1977 fiscal court. In rejecting the request of plaintiff Wood, the fiscal court did act.

We disagree with such reasoning. Every statute is subject to interpretation, but that does not mean that if the court were to interpret the statute as requiring some duty the court would be creating a new legal duty by mandamus. The statute itself is what creates the legal duty.

KRS 67.705(2)(3)(4) provides as follows: (2) The salary of the county judge/executive shall be set by the fiscal court. (3) The minimum annual compensation paid to the county judge/executive shall be a sum not less than sixty percent (60%) of the maximum compensation certified under KRS 64.527, except that no fiscal court shall be required under provisions of this section to approve an amount for the compensation of any one official which would exceed six percent (6%) of the county's total annual general fund receipts including federal revenue sharing moneys. (4) In no event shall the county judge/executive, justice of the peace, magistrate, or commissioners who serve on the fiscal court holding office on January 2, 1978 receive less than the total annual compensation received by that official during calendar year 1976.

The provisions were enacted in 1976, but their effective date was January 2, 1978, which coincided with the beginning of the first office for a county judge executive. The fiscal court is required to set the salary within a maximum and minimum range. The maximum amount was determined to be $18,763.20. The minimum could be figured in one of two ways, but no less than $16,768.80, the amount paid to the Shelby County Judge in 1976. KRS 67.705(4). We add at this point that we interpret the term "that official" in subsection (4) to apply to the office or the salary paid to the one holding the office of county judge in 1976. The section does not limit the minimum payment only if "that official" is the same person in 1978 as in 1976, as was argued by the fiscal court.

Appellees contend that to increase Wood's salary would violate § 161 of the Kentucky Constitution which prohibits any change in compensation of a county judge executive after his election or during his term. KRS 64.530(4) also requires that the official's salary be fixed not later than the first Monday in May in the year of his election. We are confronted with an apparent conflict. The former Shelby County Fiscal Court did fix the annual salary at $10,800.00 before the first Monday in May in the year of the election. How can any change be made now?

We could discuss effective dates of statutes, conflicts between new and old statutes, and other various facts and points of law. However, the solution to this particular problem lies in the fact that the general assembly established a minimum and maximum salary for the new office. Even though the effective date of KRS 67.705(2)(3) and (4) was January 2, 1978, which would put the burden for fixing the salary on the new fiscal court [in conflict with § 161 and KRS 64.530(4)], the old fiscal court was free to fix the salary anywhere within the limits. Any salary set above or below the limits would be illegal and void.

The salary was set below the minimum required by KRS 67.705(4). Therefore, if the new fiscal court is directed to set the annual salary at $16,768.80 to comply with KRS 67.705(4), there has been no change in the amount of salary required for the office and established prior to the first Monday in May in the year of the election. What had to be done is now about to be done or corrected, and we conclude that there is no actual conflict with either § 161 of the Kentucky Constitution or KRS 64.530(4). Since the salary was not previously set somewhere above the minimum allowed by law, the minimum becomes the maximum allowable for this term of office.

The circuit court further reasoned that the fiscal court did act by refusing to increase Wood's salary on January 10, 1978; therefore, mandamus, which requires someone to act, was not proper. In *Metcalf v. Howard,* 304 Ky. 498, 201 S.W.2d 197 (1947), the court held that the failure of the fiscal court to fix the salaries of the police force in compliance with the statute could be remedied by mandamus, because the fiscal court's denial of the motion to fix the salaries according to the statute was a failure to perform its statutory duties. Here, the fiscal court has failed to perform its statutory duty by not fixing the county judge executive's salary within the minimum and maximum limitations as provided in KRS 67.705(3)(4). The fiscal court's denial of Wood's motion to increase his salary was a failure to comply with the statute. This denial cannot be considered as an act which would preclude mandamus as a proper remedy.

We hold that the fiscal court has failed to act according to KRS 67.705 in fixing the salary of the county judge executive. This case shall be remanded to the circuit court with orders that it grant the petition for mandamus and order the fiscal court to set Wood's annual salary at $16,768.80.

All concur.