Toby PIERCE, Appellant,

v.

BOARD OF ADJUSTMENTS, CITY OF BOWLING GREEN, Kentucky, a Body Politic, and Bowling Green, Warren County Planning and Zoning Commission, and Chairman Guillory, and Charles Cassady, Dot Fly, Terry Hale, Raymond Hunt, and Bill Scates, their capacity as Board Members, Appellees.

Court of Appeals of Kentucky.

May 8, 1981.

J. Reid Caudill, Nicholas N. Brown, Bowling Green, for appellant.

Stephen B. Catron, Mike Caudill, Bowling Green, for appellees.

Before HAYES, C. J., and LESTER and WINTERSHEIMER, JJ.

HAYES, Chief Judge.

This appeal is from a summary judgment which affirmed the Warren County Board of Zoning Adjustment in denying a special exception to the appellant. Toby Pierce had applied for a special exception to operate an antique shop in an agriculture zone.

The Board held a hearing on appellant's application and voted four (4) in favor of granting the appellant's request, one (1) against, and one (1) member passed.

The Warren County and City of Bowling Green zoning ordinance as applied to applications for special exceptions required five (5) affirmative votes to grant the exception. Appellant's application was then denied because he received only four (4) affirmative votes. Appellant appealed to Warren Circuit Court, which affirmed the Board of Adjustment by granting a summary judgment against appellant.

Pierce appeals claiming a "pass" vote is to be construed as an affirmative vote, citing Roberts Rules of Order. We are much more inclined to follow Kentucky case law when available than Roberts Rules of Order.

It has long been the law of this Commonwealth that when a quorum of a governing body is present those members who are present and do not vote will be considered

as acquiescing with the majority. *Pierson-Trapp Company v. Knippenberg*, Ky., 387 S.W.2d 587 (1965); *Payne v. Petrie*, Ky., 419 S.W.2d 761 (1967) and *Board of Education of McCreary County v. Nevels*, Ky.App., 551 S.W.2d 15 (1977).

■ The above cited cases deal with the "majority" of those present and the constitution of a quorum and the application of a "pass" or "not voting" vote. The ordinance before us does not deal with majorities or quorum but states very clearly that "the concurring vote of five (5) members of the Board shall be necessary to grant a Special Exception." Therefore, no majority of those present and voting or the majority of a quorum is needed in the present case. But under the local ordinance an absolute requirement of five (5) affirmative votes is mandated. The appellant received only four (4) affirmative votes.

The above cited cases are therefore distinguishable and do not apply to the definitive requirements of this ordinance. Furthermore, we are unable to determine from this record exactly how many members comprise the Board of Adjustments.

■ The appellant next contends that the Board's denial was arbitrary and unreasonable. We have read the entire transcript of the hearing conducted by the Board and disagree with the appellant's contention. There was sufficient evidence to support the Board's actions.

The judgment is affirmed.

LESTER, J., concurs.

WINTERSHEIMER, J., concurs by separate opinion.

WINTERSHEIMER, Judge, concurring.

The practice which some members of governmental bodies have fallen into of passing on voting is unfortunate. Frequently, this nonaction results in a serious public misunderstanding of the results of voting. Persons who attend public governmental meetings are entitled to know what vote has been cast. Public accountability is essential to freedom in a democratic society. Ken-

tucky has had open meeting laws for years. To allow members of government, or its agencies or boards, to avoid public voting is inexcusable. Certainly, government has the right to delay or further study any issue, but the decision to "pass" is vague and misleading. It should be noted that there is a difference between "pass" and "abstain." "Pass" is indefinite unless it is qualified by a time period. "Abstain" means to deliberately refrain from voting, or not to participate therein.