HUNTERS RIDGE HOMEOWNERS ASSOCIATION, David Keith Crowell, Pamela K. Crowell, Joseph A. Edelen, and Patricia D. Edelen, Appellants,

v.

Newell G. HICKS, Associated Developers, a Kentucky General Partnership, and Woodford County Fiscal Court and its Members, Denny Nunnelley, Judge/Executive, C.D. Wilson, Jr., Donald Schmidt, Doug Matthews, Tommy Turner, James Richard Alcoke, Clyde Johnson, Marlin Mitchell, and Lewis "Buddy" McDannold, Appellees.

No. 90–CA–2701–MR.

Court of Appeals of Kentucky.

Nov. 15, 1991.

Elizabeth E. Blackford, Phyllis Sharp Mattingly, Versailles, Robert E. Reeves, Lexington, for appellants.

James L. Gay, Kevin Michael McGuire, Jackson & Kelly, Lexington, for appellees, Hicks & Associated Developers.

Alan J. George, Mark E. Gormley, Gormley & George, Versailles, for appellees, Fiscal Court & Members.

Before EMBERTON, HOWERTON and SCHRODER, JJ.

HOWERTON, Judge.

Hunters Ridge Homeowners Association, the Crowells, and the Edelens appeal from a summary judgment of the Woodford Circuit Court granting a declaratory judgment in favor of Newell G. Hicks and Associated Developers, a Kentucky general partnership. The court also issued a writ of mandamus requiring the Woodford County Fiscal Court to comply with KRS 100.3681 and issue a certificate of land use restrictions pursuant to a zone amendment. We agree with Judge Knox and, in affirming his decision, we could very easily adopt his thorough and excellent opinion as the opinion of this Court. We will nevertheless summarize the facts and address only the issues presented by the appellants.

Newell Hicks owns a tract of land fronting on the south side of Lexington Street in Versailles, Kentucky, which was zoned R–1B. On September 6, 1988, Hicks and Associated Developers filed an application with the Versailles–Woodford County Joint City–County Planning Commission request-

ing that the zoning map be amended to change the zone classification for this property to B–2 and R–4. The planning commission recommended to the Woodford Fiscal Court that the application be denied. On December 12, 1989, the matter was considered by the fiscal court, which consists of eight magistrates and the county judge/executive. Seven magistrates and County Judge Nunnelley were present. A motion was made to override the planning commission; four votes were cast in favor of the motion and three votes were cast against it. Judge Nunnelley did not vote, but declared that the motion passed.

Subsequently, and apparently on the advice of the county attorney, the fiscal court adopted the position that the vote did not authorize the zone change, because KRS 100.211 requires a majority of the entire legislative body to approve overriding a planning commission recommendation. Such would require five affirmative votes. With this in mind, the fiscal court refused to issue the requested certificate of land use restrictions and amend the zone map.

This case was filed on March 1, 1990, by Hicks and Associated Developers against the Woodford County Fiscal Court and its members. Hunters Ridge Homeowners Association, the Crowells, and the Edelens were permitted to intervene. The judgment was entered November 9, 1990, and only the intervening parties have appealed.

The appellants present four allegations of error. They first argue that the trial court erred by allowing Judge Nunnelley's non-vote to be counted with the four votes to override the planning commission's recommendation. Secondly, they contend that it was error for the court to issue a writ of mandamus requiring the fiscal court to issue the certificate, claiming that mandamus wrongfully interferes with the judge/executive's discretion. The appellants next allege that Hicks and Associated Developers did not file a timely appeal from the action of the fiscal court. Basically, they claim that the motion to override failed and that the fiscal court's action on December 12 was a final action requiring that the planning commission's recommendation be followed. Therefore, Hicks and Associated Developers had only 30 days in

which to file an appeal. Finally, Hunters Ridge argues that the circuit court's decision should be reversed, because the proposed zone amendment and the issuance of a certificate pursuant thereto is illegal on its face. We have thoroughly reviewed the facts and the law, and we find no reversible error.

■ As odd as it may seem to some, Kentucky courts for years have followed the rule that members of legislative and administrative bodies who are present at a meeting, but who do not vote on a proposition, are counted with the majority vote of those members present and voting. *Ray v. Armstrong*, 140 Ky. 800, 131 S.W. 1039 (1910), (State Board of Equalization); *Lawrence County v. Lawrence Fiscal Court*, 191 Ky. 45, 229 S.W. 139 (1921), (county fiscal court); *City of Springfield v. Haydon*, 216 Ky. 483, 288 S.W. 337 (1926), (city council); *Montgomery v. Claybrooks*, 213 Ky. 493, 281 S.W. 469 (1926), (local board of education); *Pierson–Trapp Co. v. Knippenberg*, Ky., 387 S.W.2d 587 (1965), (city-county planning commission); and *Payne v. Petrie*, Ky., 419 S.W.2d 761 (1967), (city council). In *Lawrence County, supra*, 191 Ky. at 51, 229 S.W. 139, we read:

> Under these authorities we gather the rule to be that when the requisite number of the body to form a quorum is present and has an opportunity to and does vote upon a proposition, those members who are present and do not vote will be considered as acquiescing with the majority and their silence construed as they voting with the majority.

This general principle has been reiterated in the cases following this rule.

An example of how the rule is applied is clearly presented in *Pierson–Trapp Co., supra.* A developer petitioned the city-county planning commission for a zone change. The statutes in effect at that time required that to recommend any zone change, it must be first approved "by a majority vote of the entire members of the commission." KRS 100.420 (repealed 1966). The planning commission had 10 members, and a majority would require 6 favorable votes for any proposed change.

Five members voted in favor of the zone change, two voted against it, two were present but did not vote, and one member was absent. On appeal, the opinion reads, in part, "By application of the rule seven of the ten votes should have been considered as favorable to applicant's petition." *Pierson–Trapp*, 387 S.W.2d at 588.

In *Payne, supra,* the court not only followed the rule, but reinforced the principle by providing:

We adhere to that rule, but amplify it to point out that the word "majority" as used in the rule does not mean a numerical majority of the entire elected membership of the board, but means a majority of those present and voting. In the case at bar, six members voting "yea" constituted a majority of the eleven members who voted. Under the rule as stated, the "pass" vote must be counted as voting with the six, thereby making seven affirmative votes. Seven, of course, is a majority of twelve.

*Payne*, 419 S.W.2d at 763–64.

It is quite clear that the 4–3 vote of the Woodford Fiscal Court constituted a majority of those present and voting in favor of the motion to override the planning commission's recommendation. Furthermore, Judge Nunnelley's vote must be counted with the majority, making it five votes, and a clear majority of the nine-member fiscal court. The motion passed, and it was thereafter incumbent upon the fiscal court to issue the necessary certificate. The action was final and favorable to Hicks and Associated Developers.

Hunters Ridge has cited *Pierce v. Board of Adjustments*, Ky.App., 616 S.W.2d 800 (1981), and *City of Louisville v. McDonald*, Ky., 470 S.W.2d 173 (1971), to support its argument that Judge Nunnelley's vote should not be counted with the majority. We find both cases to be factually distinguishable. In *Pierce*, the City of Bowling Green had adopted an ordinance requiring a numerical minimum of five affirmative votes to grant relief in its board of adjustment. In deciding the case, the court noted that the ordinance did not deal with majorities or quorums, but provided very definitely that " 'the concurring vote of five (5) members of the Board shall be necessary

to grant a Special Exception.' " *Pierce, supra,* at 801. *Pierce* dealt with a specific number of affirmative votes and not with a requirement of the "majority" vote. It should also be noted that the record in *Pierce* did not indicate exactly how many members comprised the board of adjustment. The case also allowed the City of Bowling Green to adopt its own unique requirement for obtaining a variance in that city. Zone changes, however, are governed by state statutes, and the law is quite clear that a non-voting member present at a meeting will be considered as voting with the majority, if there is a majority vote on an issue.

Likewise, *McDonald, supra,* is clearly distinguishable from the situation in this case. *McDonald* was not resolved on a basis of counting non-voting votes, but on a violation of due process rights and legislation by the court rather than by the Louisville legislative body.

■ We next conclude that the Woodford Circuit Court properly issued a writ of mandamus to require the fiscal court to comply with KRS 100.3681. Since the vote to override the recommendation of the planning commission was passed by the requisite majority of the fiscal court, there was no longer a discretionary function for the court. The fiscal court was faced with a ministerial duty for which mandamus was a proper remedy. *Wood v. Shelby County*, Ky.App., 581 S.W.2d 31 (1979). Once the court had approved the change, it had a statutory duty to issue the certificate of land use restrictions. KRS 100.3681(1) provides that a certificate of land use restrictions "shall be completed and filed by the secretary of the ... fiscal court which finally adopts or imposes the land use restriction described in the certificate." The certificate is to indicate the type of land use restriction adopted or imposed upon the subject property together with other information. The language is mandatory, and the fiscal court would have no discretion in whether or not to issue the certificate and provide the required information to modify the zoning regulations and map. A ministerial duty was involved, and mandamus was proper. *See also Howard v. Carty,*

Ky., 275 S.W.2d 68 (1955), which authorized a mandamus to require a county judge to comply with a statute providing for a local option election.

■ Since the vote of the fiscal court on December 12, 1989, was favorable to Hicks and Associated Developers, they had no reason to appeal that action within 30 days. They were aggrieved only by the refusal of the fiscal court to issue the certificate based on what had been approved by the fiscal court. We hold that the appeal to the circuit court was timely. *Cf. Pierson–Trapp, supra; Howard v. Carty, supra.*

■ Hunters Ridge finally argues that the proposed zone amendment is illegal on its face. It argues that what is proposed for development on the property is not permitted in a B–4 zone. The Woodford Circuit Court declined to consider this argument, and so do we. No one adversely affected by the vote of the Woodford County Fiscal Court appealed that decision. This includes the fiscal court and the intervening parties, Hunters Ridge and the individuals. We also note that the fiscal court has filed no appeal from the judgment of the Woodford Circuit Court. The decision of the fiscal court became final 30 days after December 12, 1989, and it was no longer subject to judicial review. It is quite clear that courts have only limited jurisdiction to review zoning decisions. One of those is that a timely appeal be filed from an adverse decision. *Board of Adjustment v. Flood,* Ky., 581 S.W.2d 1 (1978). Nothing in this opinion is to be construed to prevent Hunters Ridge from seeking administrative and judicial relief if and when Associated Developers seeks a permit for development of the property which in any way conflicts with the newly-assigned zoning classifications.

For each and all of the foregoing reasons, the judgment of the Woodford Circuit Court is affirmed.

All concur.