CITY OF GLASGOW, KENTUCKY, Acting By and Through the GLASGOW COMMON COUNCIL, Appellant,

v.

Tom E. HOLMES, Appellee.

No. 93–CA–1715–MR.

Court of Appeals of Kentucky.

Nov. 4, 1994.

H. Jefferson Herbert, Jr., Herbert & Herbert, Glasgow, for appellant.

Bobby H. Richardson, Richardson & Gardner, Glasgow, for appellee.

Before EMBERTON, JOHNSTONE, and MILLER, JJ.

*OPINION*

JOHNSTONE, Judge.

The issue presented by this appeal is whether a six to five vote of the twelve-member Glasgow City Council constitutes a majority of the "entire legislative body" as required by KRS 100.211(1). The Barren Circuit Court concluded that it does not. We agree and affirm.

Appellee Tom E. Holmes sought a change of zoning for a 7.694 acre tract of real property from an R–1 classification to a B–2 classification. The planning commission conducted a hearing on Holmes' application after which it recommended the requested zone change to the Glasgow City Council. The council conducted a hearing on March 9, 1992. With eleven of the twelve councilpersons present and voting, the proposed ordinance was defeated by a vote of six to five.

Thereafter, on April 13, 1992, the city council introduced the first reading of a municipal ordinance rejecting the findings of the planning commission and making its own findings. At appellee's request, the second reading was deferred from April 27, 1992, until May 11, 1992, the council's next scheduled meeting. Eleven councilpersons and the mayor were present at that meeting. The ordinance denying the requested zone change passed by a six to five vote, precipitating an appeal to the Barren Circuit Court. The circuit judge was of the opinion that the plain language of KRS 100.211 reflects a legislative mandate that great deference be accorded to decisions of the planning commission. In furtherance of that policy, the General Assembly provided that a majority of the *entire* local legislative body is required to override the recommendation of the planning commission. The court concluded that because the six to five vote represented a majority of those members present, but not the requisite majority of the entire legislative body, the recommendation of the planning commission had not been overridden.

■ The city council now seeks review of that determination alleging that a careful analysis of *Payne v. Petrie,* Ky., 419 S.W.2d 761 (1967), and *Hunters Ridge Homeowners Ass'n v. Hicks,* Ky.App., 818 S.W.2d 623 (1991), supports its contention that the six to five vote satisfied the requirements of KRS 100.211(2). Appellee responds that subsection (2) of the statute is inapplicable to the facts of this case. We concur in that assessment.

The statute in question provides as follows:

(1) A proposal for a zoning map amendment may originate with the planning commission of the unit, with any fiscal court or legislative body which is a member of the unit, or with an owner of the property in question. Regardless of the origin of the proposed amendment, it shall be referred to the planning commission before adoption. The planning commission shall then hold at least one (1) public hearing after notice as required by this chapter and make findings of fact and a recommendation of approval or disapproval of the proposed map amendment to the various legislative bodies or fiscal courts involved. The findings of fact and recommendation shall include a summary of the evidence and testimony presented by the proponents and opponents of the proposed amendment. A tie vote shall be subject to further consideration by the planning commission for a period not to exceed thirty (30) days, at the end of which if the tie has not been broken, the application shall be forwarded to the fiscal court or legislative body without a recommendation of approval or disapproval. *It shall take a majority*

*of the entire legislative body or fiscal court to override the recommendation of the planning commission and it shall take a majority of the entire legislative body or fiscal court to adopt a zoning map amendment whenever the planning commission forwards the application to the fiscal court or legislative body without a recommendation of approval or disapproval due to a tie vote. Unless a majority of the entire legislative body or fiscal court votes to override the planning commission's recommendation, such recommendation shall become final* and effective and if a recommendation of approval was made by the planning commission, the ordinance of the fiscal court or legislative body adopting the zoning map amendment shall be deemed to have passed by operation of law.

(2) *A proposal to amend the text of any zoning regulation* which must be voted upon by the legislative body or fiscal court may originate with the planning commission of the unit or with any fiscal court or legislative body which is a member of the unit. Regardless of the origin of the proposed amendment, it shall be referred to the planning commission before adoption. The planning commission shall hold at least one (1) public hearing after notice as required by KRS Chapter 424 and make a recommendation as to the text of the amendment and whether the amendment shall be approved or disapproved and shall state the reasons for its recommendation. In the case of a proposed amendment originating with a legislative body or fiscal court, the planning commission shall make its recommendation within sixty (60) days of the date of its receipt of the proposed amendment. It shall take an affirmative vote of a majority of the fiscal court or legislative body to adopt the proposed amendment.

KRS 100.211(1)–(2) (emphasis added). It is clear that subsection (2), cited by the city, deals only with amending the text of zoning regulations and has no application to the case at bar. We therefore focus our inquiry upon the proper construction to be given the phrase "... majority of the entire legislative body ..." contained in subsection (1).

Perhaps the most basic rule in interpreting statutory language is set out in *Regional Jail Authority v. Tackett,* Ky., 770 S.W.2d 225, 229 (1989):

Where there is no ambiguity in a statute there is no need to resort to the rules of statutory construction in interpreting it. The words of the statute are simply accorded their commonly understood meaning.

Not only are we convinced that there is no ambiguity, we are also persuaded that the phrase "majority of the *entire* legislative body" must be construed as having been utilized for a particular purpose. We are not free to ignore the word "entire" as it plainly distinguishes the number required to override a recommendation of the planning commission from that which is necessary to amend the text of regulations. Far from producing an absurd result, the statutory language evinces a calculated policy determination that decisions of the planning commission be given great weight. The trial judge was quite correct in concluding that the six affirmative votes constituted a majority of those present, but not a majority of the entire legislative body.

The cases cited by the city are of no avail as they merely stand for the proposition that members of a legislative body who are present but do not vote on a proposition are counted with the majority of those members present and voting. Although dicta in *Payne* makes reference to the meaning of the word "majority," neither case in any way speaks to the question of what constitutes a majority where the legislature clearly specifies that it must be based upon the *entire* membership of the body.

The judgment of the Barren Circuit Court is affirmed.

All concur.